UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TONY LUCIBELLO,                                  CASE NO.:2:05-cv-282-33DNF

                Plaintiff,

vs.

RAPID FIRE DEVELOPMENT, L.L.C., a
Florida limited liability company,

                Defendant.
_____/

**FINAL DEFAULT JUDGMENT AS TO DEFENDANT, RAPID FIRE DEVELOPMENT, L.L.C.**

    This matter comes before the Court as a result of the Clerk's Default entered against Defendant, Rapid Fire Development, L.L.C., on April 14, 2006 (Doc. # 11) and pursuant Plaintiff's Motion for Entry of Default Judgment (Doc. # 12), filed on April 25, 2006. Having reviewed the foregoing documents, and being otherwise fully advised in the premises,

    it is hereby

    **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendant, Rapid Fire Development, L.L.C., is in default and the factual allegations in Plaintiff's Complaint (Doc. # 1) are deemed admitted.

2. The property owned and administered by Rapid Fire Development, L.L.C., known as the Office Building, located at 2503 Del Prado Blvd. South, Cape Coral, Florida, is in violation of the

   Americans With Disabilities Act, 42 U.S.C. § 12181 <u>et</u> <u>seq.</u> ("ADA").

3.  Defendant, Rapid Fire Development, L.L.C., is hereby ordered to alter the Office Building located at 2503 Del Prado Blvd. South, Cape Coral, Florida to remove the barriers to access as listed below and reflected in Paragraph 12 of Plaintiff's Complaint so that the office Building is accessible to and useable by individuals with disabilities to the full extent required by Title III of the Americans With Disabilities Act, and the Americans with Disabilities Act Accessibility Guidelines "ADAAG" within a reasonable time but not later than **180** days from the date of this Order:

  **<u>General</u>**

  (A)  The access ramps located at the front west side of the parking area are too steep;

  (B)  There are access ramps at the facility that lack proper edge protection;

  (C)  There are access ramps at the facility that are too narrow;

  (D)  There are water fountains throughout the facility that offer no cups;

  (E)  The service counters inside the Bank are too high;

  **<u>Restrooms, Floors  2-5</u>**

  (F)  The hardware on the lavatory requires grasping and

       twisting to operate;

  (G)  The pipes under the lavatory lack proper insulation; and

  (H)  The restroom door(s) lack proper accessible signage.

4. The Plaintiff may submit a motion to this Court for consideration of reimbursement of reasonable attorney's fees and costs incurred in connection with this matter.

5. Plaintiff's Motion for Entry of Default Judgment (Doc. # 12) is **GRANTED,** and the Clerk is directed to enter judgment accordingly. The Clerk is further directed to terminate any pending motions or deadlines and to close the file.

    **DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 5th day of May, 2006.

                                                             VIRGINIA M. HERNANDEZ COVINGTON
                                                              UNITED STATES DISTRICT JUDGE

Copies: All parties of record